**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PANDELI PANDO AND FUTURE EVOLUTION, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A. AND WEBSTER BANK, N.A.<br>Defendants. | **NOTICE OF REMOVAL** |

**<u>NOTICE OF REMOVAL BY JPMORGAN CHASE BANK, N.A.</u>**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase") hereby removes the above-captioned action, *Pandeli Pando and Future Evolution, LLC v. JPMorgan Chase Bank, N.A., et al.,* Index No. 719857/2026 (the "State Court Action"), from the Supreme Court of the State of New York, Queens County (the "State Court") to the United States District Court for the Eastern District of New York.

Plaintiffs Pandeli Pando and Future Evolution, LLC (collectively the "Plaintiffs") commenced the State Court Action by filing a Summons and Complaint (the "Complaint") on July 2, 2026. Chase was served with the Complaint on July 21, 2026, rendering removal of the State Court Action timely.

Chase denies any liability to Plaintiffs, including in connection with the contemplated claims for Conversion, Breach of Contract, violation of Article 4-A of the New York Uniform Commercial Code ("NYUCC"), and Prima Facie Tort, and files this Notice of Removal to federal court without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal

(whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[1]

**Procedural Background**

1. On July 2, 2026, Plaintiff filed the Complaint in the State Court Action.

2. Chase was served with the Complaint on July 21, 2026. A true and correct copy of the Complaint it was served with is annexed hereto as **Exhibit A**.

3. No other process, pleadings, or orders have been served upon Chase in the State Court Action.

4. The parties stipulated extending Chase's time to respond to the Complaint to September 11, 2026, a copy which is annexed hereto as part of **Exhibit A**.

**The Complaint**

5. Plaintiffs allege that they maintain three accounts at Chase (the "Accounts"): a personal checking account (ending in 6538) and a personal savings account (ending in 0555), both held by Plaintiff Pandeli Pando; and a business checking account (ending in 9018), held by Plaintiff Future Evolution LLC. *See* Compl. ¶ 12.

6. Plaintiffs further allege that between August and October 2025, the Accounts received four incoming wire transfers: (1) $80,000.00 on August 15, 2025, to the account ending in 6538; (2) $100,500.00 on September 30, 2025, to the account ending in 9018; (3) $154,250.00 on October 6, 2025, to the account ending in 9018; and (4) $195,800.00 on October 10, 2025, to the account ending in 9018. *See* Compl. ¶ 13.

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

7. Plaintiffs claim that Chase closed the Accounts without notice and has failed to return the outstanding amount of $92,475.67. *See* Compl. ¶ 22.

8. Based on these allegations, Plaintiffs assert claims for Conversion, Breach of Contract, violation of Article 4-A of the NYUCC, and Prima Facie Tort. *See* id. ¶¶ 28-62. Chase denies all alleged liability to Plaintiffs.

**Service in the State Court**

9. As required by 28 U.S.C. § 1446(d), Chase will promptly notify the Clerk of the Supreme Court of the State of New York, Queens County of this Notice of Removal and serve a copy on all parties. A copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit B**.

**Venue**

10. The State Court Action was filed in the Supreme Court of the State of New York, Queens County. Venue properly lies in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a).

**Timeliness and Consent**

11. Chase was served with process of the Complaint on July 21, 2026.

12. 28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." This Notice of Removal is timely filed because thirty days have not lapsed from Chase's receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

13. Defendant Webster Bank, N.A. consents to remove this case to Federal Court. Annexed as **Exhibit C** is a signed consent form.

**<u>Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332</u>**

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiffs, Chase and Defendant Webster Bank.

15. Plaintiffs allege that Pandeli Pando is an individual that resides in New York. Compl. ¶ 8.

16. Plaintiffs allege that Future Evolution, LLC is a "limited liability company duly organized and existing under the laws of the State of New York, and authorized to do business in New York." Compl. ¶ 9. "A limited liability corporation adopts the citizenship of its members." *Assure Glob., LLC v. Anderson*, No. 21-CV-05785, 2025 WL 212768, at *3 (S.D.N.Y. Jan. 16, 2025) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)).

17. Chase's business records identify Pandeli Pando as the managing member of Future Evolution LLC and list an address for him in Astoria, New York.

18. Thus, Plaintiffs are both citizens of New York.

19. Under 28 U.S.C. § 1348, "all national banking associations," such as Chase, "shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank,*

*National Association v. Schmidt*, *et al.*, 546 U.S. 303, 307 (2006); *see Onewest Bank, N.A. v. Melina*, 827 F.3d 214 (2d. Cir. 2016) ("for purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located").

20. Chase is, and was at the time the action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of diversity jurisdiction. *See Blackman v. JPMorgan Chase, N.A.,* No. 20-CV-5539, 2022 WL 970729, at *5 (E.D.N.Y. Mar. 31, 2022) ("Because Chase is a national banking association, it is a citizen of Ohio and thus diverse."); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 313 (S.D.N.Y. 2006) (holding Chase to be solely a citizen of Ohio for diversity purposes and rejecting argument that Chase is a citizen of New York because Chase "is a national banking association with its main office in the State of Ohio, as designated in its articles of association").

21. Webster Bank is, and was at the time the action was filed, a national banking association, organized under the laws of the United States, with its main office, in Stamford, Connecticut.[2] Accordingly, Webster Bank is a citizen of Connecticut for the purpose of diversity jurisdiction.

22. Thus, because Plaintiffs are citizens of New York, Chase is a citizen of Ohio, and Webster Bank is a citizen of Connecticut, there is complete diversity of citizenship between the parties.

23. Plaintiffs contend that the amount in controversy exceeds $75,000, because it alleges damages in the amount of at least $92,475.67. *See* Complaint at Wherefore Clause.

[2] *See* https://banks.data.fdic.gov/bankfind-suite/bankfind/details/18221

**No Admission of Liability**

24. By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiffs' allegations or purported facts set forth in the Complaint, does not contend that the Complaint adequately pleads any cause of action, and does not concede that Plaintiffs are entitled to any of the relief sought in the Complaint or any relief of any kind. Chase reserves all rights in responding to the Complaint.

**Conclusion**

25. For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Wherefore, the State Court Action is hereby removed to this Court from the Supreme Court of the State of New York, Queens County.

Dated: August 20, 2026

Respectfully Submitted,

GREENBERG TRAURIG, LLP

By: *_/s/ Leah N. Jacob_*

Leah N. Jacob
Ryan Sirianni
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Leah.Jacob@gtlaw.com
Ryan.Sirianni@gtlaw.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2026, a copy of the foregoing was filed electronically through the Court's CM/ECF which will, in turn, send a notice of electronic filing to all counsel of record.

I HEREBY CERTIFY that on August 20, 2026 a copy of the foregoing was mailed to the following parties by overnight UPS mail:

KUSHMAKOV LAW, P.C.
Eduard Kushmakov, Esq.
71-50 Austin Street, Ste 205
Forest Hills, New York 11375
*Counsel for Plaintiffs*

*/s/ Leah N. Jacob*