SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------------------x

| | |
|---|---|
| PANDELI PANDO and FUTURE EVOLUTION LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A. and WEBSTER BANK, N.A.,<br><br>Defendants. | Index No. ____________<br><br>**SUMMONS** |

---------------------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiffs designate Queens County as the place of trial. The basis of venue is the residence and principal place of business of Plaintiff Future Evolution LLC, located at 22-30 27th Street, Astoria, New York 11105.

Dated: July 2, 2026
Queens, New York

Kushmakov Law, P.C.

By: *Eduard Kushmakov*

Eduard Kushmakov, Esq.
71-50 Austin Street, Ste. 205
Forest Hills, NY 11375
646.694.0248
eduard@kushmakovlaw.com
Attorneys for Plaintiffs

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------------------x

PANDELI PANDO and FUTURE EVOLUTION LLC,

Plaintiffs,

-against-

JPMORGAN CHASE BANK, N.A. and WEBSTER BANK, N.A.,

Defendants.

---------------------------------------------------------------------------------x

Index No. ____________

**COMPLAINT**

Plaintiffs PANDELI PANDO and FUTURE EVOLUTION LLC, by and through their undersigned attorneys, complaining of the Defendants above-named, respectfully set forth and allege upon information and belief as follows:

## INTRODUCTION

1. This action arises out of Defendant JPMorgan Chase Bank, N.A.'s ("Chase") wrongful restriction, freezing, and continued withholding of Plaintiffs' funds maintained in Plaintiffs' personal and business bank accounts with Chase.

2. Plaintiffs are, and at all relevant times were, the holders and beneficiaries of the subject accounts, into which Chase accepted and credited four incoming wire transfers totaling $530,550.00.

3. Despite accepting and posting the subject wire transfers, Chase thereafter unilaterally restricted and ultimately closed Plaintiffs' accounts, and continues to withhold the remaining account balances, totaling $92,475.67, without lawful justification.

4. Chase has failed to provide any valid fraud determination, legal process, or contractual basis for its actions, instead asserting vague and unsubstantiated allegations of "fraud" and an unspecified investigation.

5. Chase's refusal to release Plaintiffs' funds, notwithstanding written confirmation from the originating sender that no recall of the wire transfers was requested, has resulted in the ongoing deprivation of Plaintiffs' property and forms the basis of this action seeking monetary damages and related relief.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendants under CPLR 301 and CPLR 302.

7. Venue is proper in Queens County pursuant to CPLR 503 and 509, based on the residence and principal place of business of Plaintiff Future Evolution LLC in Queens County.

## PARTIES

8. Plaintiff PANDELI PANDO is an individual who resides in the State of New York.

9. Plaintiff FUTURE EVOLUTION LLC is, and at all relevant times has been, a limited liability company duly organized and existing under the laws of the State of New York, and authorized to do business in New York, with an office located at 22-30 27th Street, Astoria, New York 11105.

10. Defendant JPMORGAN CHASE BANK, N.A. ("Chase") is a national bank under the laws of the United States of America, with an office located at 270 Park Avenue, New York, New York 10017.

11. Defendant WEBSTER BANK, N.A. ("Webster Bank") is a national bank under the laws of the United States of America, with an office located at 200 Elm Street, Stamford, Connecticut 06902, and was the originating institution for the subject wire transfers.

## BACKGROUND

12. At all relevant times, Plaintiffs maintained three accounts at Chase: a personal checking account ending in 6538 and a personal savings account ending in 0555, both held by Plaintiff Pando; and a business checking account ending in 9018, held by Plaintiff Future Evolution LLC.

13. Between August and October 2025, the accounts received four incoming wire transfers, each of which Chase accepted and credited: $80,000.00 on August 15, 2025, to the account ending in 6538; $100,500.00 on September 30, 2025, to the account ending in 9018; $154,250.00 on October 6, 2025, to the account ending in 9018; and $195,800.00 on October 10, 2025, to the account ending in 9018.

14. On or about November 4, 2025, Plaintiffs began receiving secure messages from Chase requesting authorization to access and debit funds from the accounts. Plaintiffs expressly declined to provide such authorization.

15. Immediately thereafter, Chase closed Plaintiffs' accounts without notice.

16. Upon contacting customer service, Plaintiffs were instructed to visit a local branch due to a restriction placed on the accounts. At the branch, Plaintiffs were informed that the accounts had already been closed, and were advised that a sender of a prior wire transfer allegedly requested return of the funds. Plaintiffs were told that the remaining balances would be mailed within approximately ten (10) days.

17. After no funds were received, Plaintiffs contacted Chase on or about November 25, 2025, and, upon escalation, were informed that no information could be provided over the phone.

18. On or about November 26, 2025, Plaintiffs returned to the branch. A representative contacted an internal department and informed Plaintiffs that the funds would not be mailed

as previously stated, but were being held pending an investigation. Plaintiffs were again told that the sender allegedly requested return of the funds and that the matter had to be resolved through bank-to-bank communication with the originating institution, Webster Bank.

19. On multiple occasions thereafter, Plaintiffs contacted Chase and visited branch locations seeking updates. Chase maintained that no resolution could occur unless the originating bank took action, while simultaneously refusing to accept documentation directly from Plaintiffs.

20. Plaintiffs contacted Panagiotis Sinetos ("Mr. Sinetos"), member of OBEX LLC, the originating party, who provided written confirmation that no recall of the wire transfers was authorized and that any assertion to the contrary is disputed. Plaintiffs presented this documentation to Chase, but Chase refused to accept or transmit it.

21. Approximately one month later, Plaintiffs again visited the branch and were informed only that the matter remained under investigation, with no timeline or additional information provided. Calls to a designated fraud department produced no meaningful response. During a subsequent visit, a branch manager suggested that Plaintiffs consider contacting a news outlet to prompt action.

22. As reflected in the final account statements, each bearing the memo “Debt DDA – check charge,” Chase is currently retaining a total of $92,475.67, consisting of $13,639.00 in the personal checking account ending in 6538; $22,796.95 in the personal savings account ending in 0555; and $56,039.72 in the business checking account ending in 9018.

23. These funds are discrete, specifically identifiable balances that remain under Chase's exclusive control. Chase has asserted no claim with respect to the remainder of the funds previously received by wire transfer, nor initiated any formal recovery process as to those amounts.

24. To date, Plaintiffs' accounts remain closed, Chase continues to retain the funds, and no adequate explanation, timeline, or resolution has been provided.

25. Chase continues to withhold the funds based on vague allegations of "fraud," without providing any formal determination, evidence, or lawful justification.

26. By requesting that Plaintiffs authorize the return of the funds, Chase acknowledged that it lacked unilateral authority to reverse the transactions, while continuing to deprive Plaintiffs of access to the funds.

27. Mr. Sinetos expressly confirmed in writing that no request was made to recall or reverse the wire transfers, directly contradicting Chase's stated justification for withholding the funds.

## AS AND FOR THE FIRST CAUSE OF ACTION

**(Conversion)**

28. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

29. The funds at issue, totaling $92,475.67, are specifically identifiable funds belonging to Plaintiffs, consisting of the remaining balances in the accounts ending in 6538, 0555, and 9018 at the time Chase closed them.

30. The funds consist of discrete and traceable wire transfers that Chase accepted and credited to Plaintiffs' accounts. After accepting the transfers, Chase restricted the accounts and withheld access to the funds.

31. Chase continues to exercise dominion and control over the funds by refusing to release them to Plaintiffs.

32. Chase has no ownership interest in the funds and no lawful claim to them.

33. Although Chase has asserted that the funds are being held due to suspected fraud, Chase has not provided any formal fraud determination, legal process, court order, or other lawful basis authorizing its continued retention of the funds.

34. Chase further acknowledged that it lacked unilateral authority to reverse the wire transfers by initially requesting Plaintiffs' authorization to return the funds.

35. The originating party, Mr. Sinetos, expressly confirmed that no request was made to recall or reverse the wire transfers.

36. Despite receiving information contradicting its stated justification, Chase has continued to retain and control Plaintiffs' funds.

37. As a result of Chase's actions, Plaintiffs have been deprived of the possession, use, and benefit of their property.

38. By exercising unauthorized dominion and control over Plaintiffs' funds, Chase has committed conversion.

39. As a direct and proximate result of Chase's conduct, Plaintiffs have sustained damages in an amount not less than $92,475.67, together with interest, costs, and disbursements.

## AS AND FOR THE SECOND CAUSE OF ACTION

**(Violation of UCC Article 4A)**

40. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

41. The subject transactions were wire transfers governed by Article 4A of the Uniform Commercial Code.

42. Chase accepted and credited the subject wire transfers to Plaintiffs' accounts. Upon acceptance, the transfers became final and Chase became obligated to make the funds available to Plaintiffs.

43. Despite accepting the transfers, Chase thereafter restricted Plaintiffs' accounts and continues to withhold the funds without identifying any applicable provision of Article 4A authorizing its actions.

44. There has been no valid recall of the transfers, no determination that the transfers were unauthorized, and no legal process authorizing restraint or seizure of the funds.

45. To the contrary, the originating party's member, Mr. Sinetos, expressly confirmed that no request was made to recall or reverse the transfers.

46. By accepting the wire transfers and subsequently refusing to release the funds without lawful authority under Article 4A, Chase violated the rights and protections afforded to Plaintiffs under the Uniform Commercial Code, and is liable for interest during the ongoing period of delay.

47. As a direct and proximate result of Chase's conduct, Plaintiffs have sustained damages in an amount not less than $92,475.67, together with interest, costs, and disbursements.

**AS AND FOR THE THIRD CAUSE OF ACTION**

**(Breach of Contract)**

48. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

49. At all relevant times, Plaintiffs and Chase were parties to a valid and enforceable account agreement governing Plaintiffs' bank accounts and Chase's handling of the funds deposited therein.

50. Plaintiffs performed all obligations required under the agreement or were otherwise excused from performance.

51. Chase breached the agreement by restricting and closing Plaintiffs' accounts, withholding Plaintiffs' funds for an extended period of time, and failing to provide any contractual or lawful basis for its actions.

52. Chase further breached the agreement by failing to release Plaintiffs' funds within a reasonable time, failing to provide meaningful information regarding the status of the accounts, and continuing to withhold the funds despite Plaintiffs' repeated efforts to resolve the matter.

53. As a direct and proximate result of Chase's breaches, Plaintiffs have been deprived of access to their funds and have sustained damages in an amount not less than $92,475.67, together with interest, costs, and disbursements.

**AND FOR THE FOURTH CAUSE OF ACTION**

**(Prima Facie Tort)**

54. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

55. Defendant Webster Bank intentionally harmed Plaintiffs.

56. Webster Bank initiated the recall request, claiming that the wires were fraudulent.

57. Webster Bank had no excuse or justification for initiating the recall request.

58. Webster Bank knew that no one on behalf of the originating party nor Mr. Sinetos reported the wires as fraudulent.

59. Webster Bank was provided evidence that no one on behalf of the originating party nor Mr. Sinetos reported the wires as fraudulent.

60. Webster Bank continues to refuse to advise Chase that no one on behalf of the originating party nor Mr. Sinetos reported the wires as fraudulent.

61. Webster Bank continues to refuse to withdraw the recall request despite actual knowledge that no one on behalf of the originating party nor Mr. Sinetos reported the wires as fraudulent.

62. As a direct and proximate result of Webster Bank's actions, Plaintiffs have been deprived of access to their funds and have sustained special and other damages in an amount not less than $92,475.67 and the loss of their banking relationship with Chase, together with interest, costs, and disbursements.

**WHEREFORE**, Plaintiffs PANDELI PANDO and FUTURE EVOLUTION LLC demand judgment against Defendants as follows:

(a) On the first cause of action for conversion, in an amount not less than $92,475.67, together with attorneys' fees and interest from the applicable dates;

(b) On the second cause of action for violation of UCC Article 4A, in an amount not less than $92,475.67, together with attorneys' fees and interest from the applicable dates;

(c) On the third cause of action for breach of contract, in an amount not less than $92,475.67, together with attorneys' fees and interest from the applicable dates;

(d) On the fourth cause of action for prima facie tort, in an amount not less than $92,475.67, together with attorneys' fees and interest from the applicable dates;

(e) Directing Chase to immediately remove all restrictions on Plaintiffs' accounts;

(f) Directing Chase to immediately release and remit all funds currently being withheld from Plaintiffs, in the amount of $92,475.67;

(g) For a declaratory judgment that Chase has no lawful basis to continue restricting Plaintiffs' accounts or withholding Plaintiffs' funds;

(h) Awarding Plaintiffs the costs and disbursements of this action; and

(i) Granting Plaintiffs such other and further relief as the Court may deem just, proper, and equitable.

Dated: July 2, 2026
Queens, New York

Kushmakov Law, P.C.

By: Eduard Kushmakov
Eduard Kushmakov, Esq.
71-50 Austin Street, Ste. 205
Forest Hills, NY 11375
646.694.0248
eduard@kushmakovlaw.com
Attorneys for Plaintiffs

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| PANDELI PANDO and FUTURE EVOLUTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A. and WEBSTER BANK, N.A<br><br>Defendants. | Index No. 719857/2026<br><br>**STIPULATION** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for plaintiffs Pandeli Pando And Future Evolution LLC, ("Plaintiffs"), that the time for defendant JPMorgan Chase Bank, N.A. ("Chase") to respond to the Complaint in this matter filed July 2, 2026 (Doc. 1) is hereby extended to September 11, 2026.

**IT IS FURTHER HEREBY STIPULATED AND AGREED**, that Chase waives any defects as to service of process; and

**IT IS FURTHER STIPULATED AND AGREED**, that a facsimile or e-mail or a pdf. copy of this Stipulation as executed shall have the same force and effect as the original document.

| | |
|---|---|
| GREENBERG TRAURIG, LLP<br><br>By: /s/ Leah N. Jacob<br>Leah N. Jacob, Esq.<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Tel. (212) 801-9200<br>Leah.jacob@gtlaw.com<br>*Counsel for JPMorgan Chase Bank, N.A.*<br><br>Dated: New York, New York<br>August 13, 2026 | KUSHMAKOV LAW, P.C.<br><br>By: /s/ Eduard Kushmakov<br>Eduard Kushmakov, Esq.<br>71-50 Austin Street, Ste 205<br>Forest Hills, New York 11375<br>(646) 694-0248<br>Eduard@KushmakovLaw.com<br>*Counsel for Plaintiffs*<br><br>Dated: New York, New York<br>August 13, 2026 |