UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PANDELI PANDO AND FUTURE EVOLUTION, LLC,

Plaintiffs,

- against -

JP MORGAN CHASE BANK, N.A. AND WEBSTER BANK, N.A.,

Defendants.
----------------------------------------------------------------------X

Case No.:
26-cv-05121-PCG

**ANSWER**

Defendant Webster Bank, N.A. ("Defendant"), by and through its attorneys, Cullen and Dykman LLP, for its Answer to Pandeli Pando and Future Evolution LLC's ("Plaintiffs") Complaint, dated July 2, 2026, states as follows:

## ANSWERING "INTRODUCTION"

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

**ANSWERING "JURISDICTION AND VENUE"**

6. No response is required to paragraph "6" of the Complaint as this action was removed to the United States District Court, Eastern District of New York on August 20, 2026.

7. No response is required to paragraph "7" of the Complaint as this action was removed to the United States District Court, Eastern District of New York on August 20, 2026.

**ANSWERING "PARTIES"**

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Admits that at all times referenced in the Complaint Webster Bank, N.A. was a national bank with an address located at 200 Elm Street, Stamford, Connecticut 06902.

**ANSWERING "BACKGROUND"**

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “16” of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “17” of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “18” of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “19” of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “20” of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “21” of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “22” of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “23” of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “24” of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “25” of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph “26” of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the Complaint.

**ANSWERING "FIRST CAUSE OF ACTION- CONVERSION"**

28. Repeats, reiterates, and re-alleges each and every response contained in paragraphs "1" through "27" as if fully set forth herein.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

38. As the allegations contained in paragraph "38" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the Complaint and respectfully refers all questions of law to the Court.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint.

**ANSWERING "SECOND CAUSE OF ACTION- VIOLATION OF UCC ARTICLE 4A"**

40. Repeats, reiterates, and re-alleges each and every response contained in paragraphs "1" through "39" as if fully set forth herein.

41. As the allegations contained in paragraph "41" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the Complaint and respectfully refers all questions of law to the Court.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the Complaint.

46. As the allegations contained in paragraph "46" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies

knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the Complaint and respectfully refers all questions of law to the Court.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint.

**ANSWERING "THIRD CAUSE OF ACTION- BREACH OF CONTRACT"**

48. Repeats, reiterates, and re-alleges each and every response contained in paragraphs "1" through "47" as if fully set forth herein.

49. As the allegations contained in paragraph "49" of the Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the Complaint and respectfully refers all questions of law to the Court.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "51" of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52" of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of the Complaint.

**ANSWERING "FOURTH CAUSE OF ACTION- PRIMA FACIE TORT"**

54. Repeats, reiterates, and re-alleges each and every response contained in paragraphs "1" through "53" as if fully set forth herein.

55. Denies the allegations contained in paragraph "55" of the Complaint.

56. Admits that Defendant initiated recall requests related to fraudulently wired funds.

57. Denies the allegations contained in paragraph “57” of the Complaint.

58. Denies the allegations contained in paragraph “58” of the Complaint.

59. Denies the allegations contained in paragraph “59” of the Complaint.

60. Denies the allegations contained in paragraph “60” of the Complaint.

61. Denies the allegations contained in paragraph “61” of the Complaint.

62. Denies the allegations contained in paragraph “62” of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. Plaintiffs’ Complaint fails to state a cause of action against Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. Any loss sustained by Plaintiffs was caused in whole or in part by Plaintiffs’ own culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. Defendant has a complete defense founded upon documentary evidence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. Plaintiffs’ claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

67. Plaintiffs’ allegations are barred by the doctrines of waiver, estoppel and laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

68. While denying all claims in the Complaint, any damages allegedly sustained by Plaintiffs, to the extent Plaintiffs may be able to prove any injuries and/or damages, were

proximately caused by intervening and/or superseding acts and/or fault of the Plaintiffs and/or of third parties for whose actions Defendant is not liable.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

69. Plaintiffs' claims are barred by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

70. Plaintiffs are not entitled to recovery because any such recovery from Defendants would result in Plaintiff's unjust enrichment.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE**

71. Plaintiffs have failed to take all reasonable steps to mitigate their losses, if any.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

72. There is no contractual privity between Plaintiffs, or either of them, and Defendant.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

73. Plaintiffs common law claims are barred, in whole or in part, by Article 4A of the N.Y.U.C.C.

WHEREFORE, Defendant Webster Bank, N.A. hereby demands judgment dismissing the Complaint herein, together with interest and the costs and disbursements of this action, including attorneys' fees, and for such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
September 11, 2026

**CULLEN AND DYKMAN LLP**

By: /s/ Ryan Soebke
Ryan Soebke
*Attorneys for Defendant Webster Bank, N.A.*
333 Earle Ovington Boulevard
Uniondale, New York 11553
Phone: (516) 357-3784
Fax: (516) 357-3792
Email: rsoebke@cullenllp.com